HENRY KRICH, RESPONDENT, v. MEYER ZEMEL ET AL., APPELLANTS.

Submitted July 9, 1923—Decided November 20, 1923.

1. The foreclosure of a mortgage vests in the purchaser at the sheriff's sale a legal right to possess the mortgaged premises free and clear of encumbrances imposed upon it by subsequent purchasers who were made parties to the foreclosure suit.
2. The owner of certain premises granted permission to an adjoining owner to use the wall of his building for the purpose of inserting roof beams into it. This right or easement was granted subsequent to the making of a mortgage upon the premises. *Held*, that the purchaser under a foreclosure of the mortgage had the right to bring a suit in trespass for damages for an invasion of his property right, and incidentally to establish his title to the *locus in quo*.

---

On appeal from the Supreme Court.

For the respondent, *Stein, Stein & Hannoch.*

For the appellants, *Benjamin M. Weinberg.*

The opinion of the court was delivered by

MINTURN, J. The suit is in trespass, for an alleged violation of the plaintiff's right and title to property in premises known as No. 306 Market street, in the city of Newark. The

judgment of the local District Court was in favor of the plaintiff, which upon appeal was affirmed by the Supreme Court, from which affirmance the appeal was taken. The determination of the question in issue involves the history of the title to the *locus in quo*.

One Meyer had title to the lot with the building thereon. Adjoining his lot on the west, upon the premises No. 304 Market street, existed some indefinable structures which the brief denominates "shacks," the property of Samuel R. and William A. Baker. Meyer contracted with the Bakers, on April 22d, 1912, for the construction of a theatre building on their lot No. 304 Market street, and in the agreement conceded to the Bakers the right to use the westerly wall upon No. 306 Market street "as long as the building about to be erected was in existence," and "as long as said building should stand on said property, of the said last-mentioned [Bakers] persons." The agreement having been duly recorded, the proposed structure was erected, and the parties entered into possession in accordance with the provisions of the agreement.

The erection of the building required the extension of the roof beams into the walls of the existing building on No. 306 Market street, to a depth of about six inches, and to a height of about eight inches, upon a base of concrete, which formed a solid slab running across and used as the roof and ceiling for the new structure, thus practically creating one structure of the two adjoining buildings. In effectuating this agreement and prosecuting the work thereunder, the parties had unfortunately overlooked the rights of an existing mortgagee, and hence the present controversy.

Prior to the execution of the agreement, and on June 25th, 1907, the premises No. 304 Market street had been mortgaged to Rachel A. Cartright, whose executrix in January, 1917, filed a bill to foreclose the mortgage, naming *inter alia* as defendants the two Bakers, and their wives, for the purpose of eliminating the easement in question. In due course a sheriff's sale was had, and the property No. 306 Market street was purchased by this plaintiff. Thereafter the

defendants purchased the property No. 304 Market street and then the trouble began. The plaintiff insisted upon the removal of the roof beams from the wall, and the defendants failing to accommodate him in that respect, this suit was instituted to establish his unqualified rights in the *locus in quo.* The trial court found these facts substantially as stated, and the Supreme Court affirmed the judgment, holding that "the right to continue the beams in the plaintiff's building was cut off by the foreclosure of the mortgage, and the beams remaining constitute a trespass."

The substantial question presented is whether the defendants, under the agreement and conduct of their predecessor in title, possess any right or title as claimant under the easement thus established, which can be said to be superior to the lien of an existing mortgage, whose lien or title has not been released or qualified in any way by the agreements referred to.

The defendants' predecessor in title possessed an easement in the wall of No. 306 Market street, enforceable between the parties to the contract, but in nowise affecting the contractual rights of the parties to an anterior duly recorded mortgage. *Mount* v. *Manhattan Co.,* 43 *N. J. Eq.* 26; affirmed, 44 *Id.* 297.

The foreclosure of the mortgage vested in the purchaser at the sheriff's sale, a legal right to possess the property free and clear of the encumbrances imposed upon it by subsequent purchasers, who are made parties to the foreclosure. *Wimpfheimer* v. *Prudential Insurance Co.,* 56 *N. J. Eq.* 586; 10 *R. C. L.* 625, and cases.

The plaintiff being the legal owner of the premises, and in possession thereof, was in a position to bring trespass for damages for an invasion of his property right, and, incidentally, to establish his title to the *locus in quo* by such method of procedure. *Trainor* v. *Wolff,* 58 *N. J. L.* 381; 20 *R. C. L.* 939, and cases.

The judgment appealed from will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ.    11.

*For reversal*—None.